UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA

DANIEL MCGUIGAN,

      Plaintiff,

vs.

JEFFERSON CAPITAL SYSTEMS, LLC,

      Defendant.
_____/

CASE NO.:

DEMAND FOR JURY TRIAL

## COMPLAINT

Plaintiff, DANIEL MCGUIGAN, by and through undersigned counsel, sues Defendant, JEFFERSON CAPITAL SYSTEMS, LLC, and alleges damages arising from Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA").

### JURISDICTION & VENUE

1. Jurisdiction for purposes of this action arises under 28 U.S.C. §1331 which grants this Court original jurisdiction of all civil actions arising under the laws of the United States.

2. Defendant conducts business throughout the United States, including the Commonwealth of Pennsylvania, which is the site where the causes of actions giving rise to this lawsuit arose.

3. Venue lies in the Eastern District pursuant to 28 U.S.C. §1391(b)(2) in that the cause of action occurred in Chester County, Pennsylvania.

### PARTIES

4. Plaintiff, DANIEL MCGUIGAN ("MCGUIGAN" or "Plaintiff"), is an adult individual residing in Chester County, Pennsylvania, and is otherwise sui juris.

5. Plaintiff is a "consumer" as defined under 15 U.S.C. §1692 (a)(3) of the FDCPA.

1

6.  Defendant, JEFFERSON CAPITAL SYSTEMS, LLC ("JEFFERSON CAPITAL" or "Defendant"), is a Georgia for profit corporation, with a principal place of busines situated at 16 McLeland Road, St. Cloud, MN 56303.

7.  The principle purpose of Defendant is the collection of debts owing to others through the mail and telephone, throughout the United States, including Defendant's dealings with Plaintiff in the Commonwealth of Pennsylvania, giving rise to the instant lawsuit.

8.  JEFFERSON CAPITAL is a "debt collector" as defined under 15 U.S.C. §1692(a)(6) of the FDCPA.

## GENERAL ALLEGATIONS

9.  Plaintiff allegedly owed an outstanding consumer debt that was past due (the "Debt").

10. Upon information and belief, the alleged Debt at issue arose out of a transaction, which was primarily for personal, family or household purposes as defined under 15 U.S.C. §1692a(5).

11. Upon information and belief, the original creditor hired Defendant to collect on the alleged Debt.

12. The Defendant attempted to collect the Debt and, as such, engaged in "communications" as defined by 15 U.S.C. §1692a(2).

13. Within the last year, Defendant continually contacted Plaintiff on the telephone in an attempt to collect the alleged Debt.

14. Defendant caused the aforementioned telephone to ring at excessive and harassing rates, sometimes up to multiple times per day.

15. Defendant additionally disclosed to a third-party, other than Plaintiff, that Plaintiff owed a debt and that the Defendant was attempting to collect that debt.

16. Plaintiff did not give Defendant consent to disclose Plaintiff's alleged debt to any third-party.

17. Defendant also failed to send Plaintiff or Plaintiff's attorney any written information regarding the alleged Debt, after Defendant made an initial phone communication with Plaintiff.

18. As a direct consequence of the Defendant's acts, practices and conduct, the Plaintiff suffered and continues to suffer damages, including, but not limited to, humiliation, anger, severe anxiety and emotional distress, frustration and embarrassment.

19. All the conditions precedent to the filing of this action have been complied with, satisfied, or otherwise waived by the Defendant.

## COUNT I – VIOLATIONS OF THE FDCPA

20. Plaintiff re-alleges and re-avers paragraphs 1 through 19 above, as if fully set forth herein.

21. Defendant's conduct violated 15 U.S.C. §1692d in that JEFFERSON CAPITAL engaged in behavior of which the natural consequence was to harass, oppress, or abuse the Plaintiff in connection with the collection of a consumer debt.

22. The Defendant's conduct violated 15 U.S.C. §1692d (5) in that Defendant caused the telephone called by Defendant to ring repeatedly, with the intent to harass, abuse and annoy Plaintiff.

23. The Defendant's conduct violated 15 U.S.C. §1692g in that Defendant failed to provide a validation of the Debt to the Plaintiff and/or the Plaintiff's attorney within the validation period, after the initial phone communication.

24. The Defendant's conduct violated 15 U.S.C §1692c in that Defendant communicated with third parties, other than Plaintiff, in connection with the collection of an alleged debt, without the prior express consent of Plaintiff.

25. The Defendant's conduct violated 15 U.S.C. §1692e(10) in that Defendant employed false and deceptive means to collect a debt.

26. The foregoing acts and omissions of the Defendant constitute numerous and multiple violations of the FDCPA.

27. Defendant's acts as described above were done with intentional, willful, reckless and/or wanton disregard for Plaintiff's rights under the law and with the purpose of embarrassing and harassing the Plaintiff.

28. As a result of the Defendant's aforementioned violations of the FDCPA, Defendant is liable to Plaintiff for statutory damages, actual damages, and attorney's fees and costs in successfully prevailing in this action.

**WHEREFORE**, Plaintiff, DANIEL MCGUIGAN, demands judgment against Defendant, JEFFERSON CAPITAL SYSTEMS, LLC, for statutory damages, actual damages, costs, pre-judgment and post-judgment interest, attorney fees, and any other relief this Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

Dated:  August 18, 2021.

                              **MILL STONE LEGAL GROUP, LLC**

By: *s/ Matthew R. McGuigan*
MATTHEW R. MCGUIGAN, ESQ.
PA Bar No. 209964
10100 W. Sample Road, 3rd Floor
Coral Springs, FL 33065
Telephone: 754-227-1610

                                              Facsimile: 215-475-4764  
                                              Email:  mmcguigan@millstonelegal.com